IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Patrick Taevon Williams, | C/A No. 1:25-14008-CMC |
| Petitioner, | |
| v. | |
| Warden of Lee Correctional Institution and Alan Wilson, | **Order** |
| Respondents. | |

This matter is before the court on Petitioner's *pro se* petition pursuant to 28 U.S.C. § 2254. ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

On February 2, 2026, the Magistrate Judge issued a Report and Recommendation ("Report") recommending this matter be summarily dismissed without prejudice and without requiring Respondent to file a return for failure to exhaust state court remedies.  Dkt. No. 11.[1]  The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Petitioner filed timely objections. Dkt. No. 14.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo*

---

[1] The Report also recommends denying the motion for emergency release on bond (Dkt. No. 7).

determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court is required to review only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Magistrate Judge recommends dismissing this action for failure to exhaust administrative remedies, including filing a PCR action, with respect to Petitioner's habeas claims. Dkt. No. 11 at 4. The Report noted although Petitioner requests a stay and abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005) to the extent any claim is deemed unexhausted, *Rhines* is inapplicable to the instant Petition because it is not "mixed" with exhausted and unexhausted claims. *Id.* at 4-5.

Petitioner objects to the recommendation of dismissal. Dkt. No. 14. He does not dispute exhaustion is required, but asserts dismissal, even without prejudice, "creates a substantial and irreparable risk that federal review will be lost due to AEDPA's one-year limitations period and related procedural barriers." *Id.* at 1. He contends the "correct remedy is a *Rhines* stay" and includes a "Motion for Stay-and-Abeyance." *Id.* at 1, 4. He notes he will file his PCR promptly and inform the court of its progress on regular intervals.

After reviewing the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the Report. None of Petitioner's habeas claims have been exhausted, thus he has not presented a mixed case of

2

exhausted and un-exhausted claims. Accordingly, his Petition does not fall under *Rhines*, as the Magistrate Judge noted. The AEDPA statute of limitations will be tolled while Petitioner exhausts his state remedies. 28 U.S.C. § 2244(a)(4)(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Petitioner therefore may re-file his § 2254 after exhausting state remedies. Accordingly, the court adopts and incorporates the Report and Recommendation by reference into this Order. This matter is dismissed without prejudice and without requiring Respondent to file a return. Petitioner's motion for emergency release on bond (Dkt. No. 7) is denied.[2]

---

[2] To the extent Petitioner has moved for a stay of this case, that motion is also denied.

**CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 17, 2026